UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JERMAINE NEUFVILLE, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | CIVIL ACTION |
|  | ) | NO. 18-10321-WGY |
| THE STATE OF | ) | |
| RHODE ISLAND, | ) | |
|  | ) | |
| Defendant. | ) | |

YOUNG, D.J.                                           February 21, 2018

**MEMORANDUM & ORDER**

For the reasons stated below, the Court dismisses the complaint under 28 U.S.C. § 1915A.

**I. BACKGROUND**

Jermaine Neufville, now confined at the Bristol County Jail and House of Correction, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the State of Rhode Island. Plaintiff did not sign the complaint. He contends that his due process rights were violated through his original criminal conviction(s) and that his right to petition for redress was denied by the Rhode Island Supreme Court. Neufville asks this court to (1) order the Rhode Island Superior Court to expunge plaintiff's unspecified Rhode Island convictions, (2) order the Rhode Island Supreme Court to address plaintiff's September 26, 2017 petition

for redress of grievances and November 29, 2017 petition for further review; and (3) order a stay of deportation. Plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but

[2]

should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Further, the Court is obligated to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**III. DISCUSSION**

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 to recover against state actors for constitutional violations. See Rehberg v. Paulk, 566 U.S. 356, 361 (2012); Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013). Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-1 (1999).

Here, the only named defendant is the State of Rhode Island, but the State of Rhode island is not a suable entity under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police,

491 U.S. 58, 65-71 (1989) (explaining that states and state agencies are not "persons" who may be sued for constitutional violations under § 1983).

Furthermore, a plaintiff's Section 1983 damages claim must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of [a criminal] conviction or sentence" and if plaintiff cannot "demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Thore v. Howe, 466 F.3d 173, 179 (1st Cir.2006). Here, plaintiff has not shown that his conviction(s) have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. As such, plaintiff's claims are barred by Heck.

Additionally, plaintiff's claims are barred by two well-established abstention doctrines. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" Puerto Ricans for Puerto Rico Party v. Dalmau, 544

F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Here, plaintiff seeks review and rejection of a state court judgment on constitutional grounds. Such a challenge must be pursued in the first instance in the state courts. Where the judgment of the highest state court depends on a question of federal law, the United States Supreme Court has jurisdiction to review the judgment. See 28 U.S.C. § 1257.

To the extent plaintiff has motions pending in the Rhode Island state courts, this Court will abstain from adjudicating those claims that seek interference with ongoing appeals. Under Younger v. Harris, 401 U.S. 37 (1971) and its progeny, federal courts must refrain from exercising their jurisdiction where to do so would disrupt an ongoing state judicial proceeding that implicates important state interests. E.g. Rio Grande Community Health Center, Inc. v. Rullan, 397 F. 3d 56, 68 (1st Cir. 2005) ("Younger abstention is mandatory if its conditions are met."). "If Younger requires abstention, 'there is no discretion to grant injunctive relief.'" Colonial Life & Acc. Ins. Co. v. Medley, 572 F. 3d 22, 25 (1st Cir. 2009) (quoting Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 n. 22 (1976)).

Finally, this court lacks jurisdiction to issue a stay of removal. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 210-11 ("REAL ID Act") (codified at 8 U.S.C. § 1952) divests federal district courts of jurisdiction to review challenges to removal orders, and requires that review of such orders be sought in the appropriate court of appeals. Even when a district court has jurisdiction over a habeas petition challenging an underlying state criminal conviction, a petitioner in immigration detention must "request a stay of his order of removal from the appropriate court of appeals". Tejada v. Cabral, 424 F.Supp.2d 296, 298 (D. Mass. 2006).

## IV. SUA SPONTE DISMISSAL

It is evident that plaintiff has failed to state a legal claim and the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. As previously noted, the complaint was not signed by plaintiff.[1] Generally, a pro se plaintiff is afforded an opportunity to cure a deficient complaint. Here, however, this Court need not afford plaintiff an opportunity to cure the pleading deficiencies because such efforts would be futile.[2]

---

[1] Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. See Fed. R. Civ. P. Rule 11(a).

[2] Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,'counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the

## V. CONCLUSION

For the foregoing reasons,

1. The complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915A.

2. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36-37 (1st Cir. 2001).